```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON
```

| | |
|---|---|
| DAMIAN L. JONES,            ) | |
|                             ) | |
|     Plaintiff,              ) | |
|                             ) | Civil Case No. |
| v.                          ) | 14-CV-361-JMH |
|                             ) | |
| SLOAN D. GIBSON, Acting     ) | |
| Secretary of Veterans       ) | **MEMORANDUM OPINION & ORDER** |
| Affairs, et al.,            ) | |
|                             ) | |
|     Defendants.             ) | |

\*\*\*

This matter is before the Court upon Plaintiffs' Motion for Appointment of Counsel [DE 25], in which he seeks appointment of counsel to represent him in this civil matter but has failed to identify legal authority which would permit the relief he seeks. The United States of America has filed a Response [DE 27], and the Court is adequately advised with respect to this matter.

"A district court has discretion to appoint counsel for an indigent civil litigant." *Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011) (citing 28 U.S.C. § 1915(e)(1); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) ("The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court, and this decision will be overturned only when the denial of counsel results in fundamental unfairness impinging on due process rights.")). However, a civil litigant has no constitutional right to the

1

appointment of counsel; rather, the appointment of counsel for a civil litigant "'is a privilege that is justified only by exceptional circumstances.'" *Id.* (6th Cir. 2011) (quoting *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993)) (internal quotes omitted). While Plaintiff argues that it is fundamentally unfair that he must represent himself against Defendants represented by counsel, this is not an exceptional circumstance warranting appointment of counsel without more. *See Marr v. Foy*, No. 1:07-cv-908, 2008 WL 5111849, *6 (W.D. Mich. Dec. 3, 2008) ("One does not acquire a right to counsel in a civil case merely because one is proceeding *pro se* against a party represented by counsel.") (citing *Luttrell v. Nuckell*, 129 F.3d 933, 936 (7th Cir. 1997)); *Richmond*, 450 F. App'x at 452 (quoting *Lavado*, 992 F.2d at 605-06)); *Jihad v. Simpson*, No. 5:07CV-P197-R., 2008 WL 3992680, at *1 (W.D. Ky. Aug. 22, 2008).

The Court is not persuaded that the factual and legal issues before the Court in this matter are so complex as to require appointment of counsel at this early stage in the litigation. Having reviewed the pleadings, the Court concludes that Plaintiff is fairly articulate and able to represent himself sufficiently. No exceptional circumstances exist which warrant appointment of counsel to avoid fundamental unfairness impinging on Plaintiff's due process rights at this time.

Accordingly, **IT IS ORDERED** that Plaintiffs' Motion for Appointment of Counsel [DE 25] is **DENIED**.

This the 7th day of October, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge