UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

DAMIAN L. JONES,                )
                                )
    Plaintiff,                  )
                                )       Civil Case No.
v.                              )       14-CV-361-JMH
                                )
ROBERT A. MCDONALD, Secretary   )
of Veterans Affairs, et al.,    )       **MEMORANDUM OPINION & ORDER**
                                )
    Defendants.                 )
                                )

\*\*\*

This matter is before the Court upon Defendant's Motion to Dismiss or, in the Alterative, for Summary Judgment [DE 32].[1] In response, Plaintiff has made a renewed motion for appointment of counsel [DE 34]. The Court has carefully considered both requests for relief and concludes (1) that, while Plaintiff is untrained in the law, his motion for appointment of counsel should be denied for the same reasons as the Court denied his previous requests for the same relief and (2) that Defendants'

---

[1] The Court considers, as well, Defendants' Motion to Seal [DE 31] the Memorandum in Support of its Motion to Dismiss or, in the Alternative, for Summary Judgment, as well as the materials offered in support of that Motion on the grounds that they contain personal information about Plaintiff and his employment. The Court is of the opinion that these materials have come to light because of Plaintiff's decision to file suit about his employment and that, while they address matters specific to Plaintiff and his employment, they are not suitable for sealing because they do not contain personal information subject to seal like social security numbers, bank account information, etc. Defendants' Motion to Seal will be denied.

1

Motion to Dismiss or, in the Alterative, for Summary Judgment [DE 32] should be granted for the reasons stated below.

**I.**

On March 27, 2013, Jones, who is African-American, signed a VCS Employment Services Contract. As a VCS contract worker, Jones performed the duties of a Food Service Worker at the Veterans Canteen Service ("VCS") in Lexington, Kentucky. Plaintiff was an independent contractor, not a federal employee. He served in this position until June 29, 2013. He then became a federal employee, appointed as an excepted not-to-exceed temporary Supply Clerk (Vending at the VCS in Lexington, Kentucky. His temporary employment as a Supply Clerk (Vending) was extended until October 5, 2013, based on the staffing needs of the VCS, at which time his temporary employment was terminated due to overstaffing. His Notifications of Personnel Actions effective June 30, 2013, and September 7, 2013, state, "REASON FOR TEMPORARY APPOINTMENT: *TEMPORARY STAFFING NEEDS ON THE VETERANS CANTEEN SERVICE."

At some point, Sherri Whittaker, who is also African-American, became Plaintiff's supervisor. The record suggests that she and Jones had several occasions on which to speak about his performance as an employee at the canteen and that some of these conversations would best be described as "charged." Most of those conversations are immaterial to the matter before the

2

Court today, but at least one is relevant to Plaintiff's averment that he was subjected to racial discrimination at the job which resulted in the termination of his employment. When asked in his EEO Affidavit whether there was direct evidence of discrimination related to his race, Jones stated that Whitaker told him that she was there to "clean out all the niggers." In his Amended Complaint, Plaintiff avers that Whittaker called him into her office on September 14, 2013, for a conference and informed him that "[s]he was there to sweep out all the niggers!" When asked why Whitaker would make that statement, Jones said, "I really don't know why. When I first met her, she – we really didn't come across like she was – act like she was upset just to be there. So she had told me that she had heard that I was stealing out of machines and all that stuff. And she made that statement, but I really don't understand why." Whittaker's testimony suggests that she does not recall this conversation.

Nonetheless, it is undisputed that Plaintiff's employment at the canteen was terminated. His Notification of Personnel Action effective October 5, 2013, reads, "REASON FOR TERMINATION: STAFFING NEEDS HAVE EXPIRED." There are two types of termination for temporary appointments like his: for conduct and because the appointment expired. In Jones's case, his temporary employment was not renewed once it expired because

there was an overstaff situation based on the table of organization that Canteen Services uses to determine staffing. When the overstaffing situation arose, Whitaker contacted an individual named Skip Snyder in the human resources department and asked him who the last person to come in was and when their contract ended. Snyder informed Whitaker that Jones was the last temporary employee to be hired and that his contract ended on October 5, 2013, and she has testified that neither Plaintiff's race nor any prior EEO activity were a factor when making the decision to terminate Plaintiff's employment at the canteen. Jones was informed that his termination was due to overstaffing.

**II.**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists only when, assuming the truth of the non-moving party's evidence and construing all inferences from that evidence in the light most favorable to the non-moving party, there is sufficient evidence for a trier of fact to find for that party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006). A non-moving party cannot withstand summary judgment, however, by introduction of a "mere scintilla" of evidence in its favor. *Id*. For the reasons set

forth below, the Court concludes that Defendants are entitled to judgment as a matter of law.

**III.**

As an initial matter, Plaintiff's claims against Sherri Whittaker in her individual and official capacities must be dismissed. The only proper party Defendant in a Title VII discrimination and retaliation claim brought by a federal employee or a former federal employee is the head of the agency in his or her official capacity. 42 U.S.C. § 2000e-16(c). Thus, the only proper party Defendant is Robert A. McDonald in his official capacity as Secretary of Veterans Affairs.[2]

**IV.**

Title VII makes it unlawful for an employer to discriminate against an employee relative to that employee's compensation, terms, conditions, or privileges of employment on account of the employee's race. *See* 42 U.S.C. § 2000e-2(a)(1); *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 561 (6th Cir. 2004). Title VII claims of racial discrimination may be proven either by direct evidence or by circumstantial evidence. *Johnson v. Kroger Co.*, 319 F.3d 858, 864-65 (6th Cir. 2003) (citation

---

[2] Plaintiff has named Sloan D. Gibson as defendant in this matter, but Robert A. McDonald has been appointed to the position and has served as Secretary of Veterans Affairs throughout the pendency of this suit. *See* http://www.va.gov/opa/bios/bio_mcdonald.asp. Accordingly, he shall be substituted for Gibson as a defendant in this action.

omitted). "In discrimination cases, direct evidence is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 1999). Moreover, "direct evidence of discrimination does not require a factfinder to draw any inferences in order to conclude that the challenged employment action was motivated at least in part by prejudice against the protected group." *Johnson*, 319 F.3d at 865. For *442 example, "a corporate decision maker's express statement of a desire to remove employees in the protected group is direct evidence of discriminatory intent."[3] *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000). For the purpose of this Memorandum Opinion and Order, the Court recognizes that there may be an issue of material fact with respect to whether Plaintiff's supervisor ever made the statement attributed to her but accepts as true that Plaintiff's supervisor announced to him

---

[3] "In order to set forth a claim of discrimination, a plaintiff must show that he has suffered an adverse employment action; that is, he must establish that he has suffered a 'materially adverse' change in the terms or conditions of employment because of the employer's action." *Nguyen v. City of Cleveland*, 229 F.3d 559, 562 (6th Cir. 2000) (citing *Kocsis v. Multi-Care Management, Inc.,* 97 F.3d 876, 885 (6th Cir. 1996)). Here, the termination of Plaintiff's employment qualifies as an adverse employment action.

that she was at the Canteen "for the purpose of cleaning out the niggers." Without delving into the meaning of that statement or why people say what they do, the Court will simply assume without deciding for the purposes of this Memorandum Opinion and Order that such a statement is direct evidence of discriminatory intent.[4]

However, once a plaintiff shows that the prohibited classification – here, race -- played a motivating part in the employment decision, the burden of both production and persuasion shifts to the employer to prove that it would have terminated the plaintiff's employment even if it had not been motivated by impermissible discrimination. *Nguyen*, 229 F.3d at 563 (citing *Price Waterhouse v. Hopkins,* 490 U.S. 228, 244–45 (1998); *Manzer v. Diamond Shamrock Chemicals Co.,* 29 F.3d 1078, 1081 (6th Cir. 1994)). In this instance, the undisputed material facts demonstrate that Defendants would have terminated Plaintiff's employment even if it had not been motivated by

---

[4] The Court also recognizes that Plaintiff's supervisor was African-American, as was Plaintiff. This does not create a presumption that she lacked the necessary animus to discriminate against Plaintiff. *See Oncale v. Sundowner Offshore Serv., Inc.,* 523 U.S. 75, 76 (1998) ("[I]n the related context of racial discrimination in the workplace we have rejected any conclusive presumption that an employer will not discriminate against members of his own race. Because of the many facets of human motivation, it would be unwise to presume as a matter of law that human beings of one definable group will not discriminate against other members of their group.")(quoting *Castaneda v. Partida,* 430 U.S. 482, 499 (1977)).

impermissible discrimination. Once it was determined that the canteen was overstaffed, Whitaker sought to remedy the overstaffing situation by terminating the employment of the last employee who was hired. She was informed that Jones was the least senior temporary employee, whose temporary contract was expiring or expired in any event. Thus, the undisputed evidence supports the conclusion Jones was not reappointed to his temporary position due to overstaffing and the expiration of his contract – not because of racial animus. As the most recent hire with an expired contract, he was the first person to be let go. Even if Plaintiff has presented direct evidence of discriminatory intent, Defendants have borne their burden of demonstrating that it would have terminated Plaintiff's employment absent that intent. Accordingly, Plaintiff's claim fails, and their Motion for Summary Judgment will be granted.

**V.**

Plaintiff also avers that his employment was terminated in retaliation for his complaints to the EEOC. In order to establish a prima facie case of retaliation, Jones must show that: (1) he engaged in protected activity; (2) the employer had knowledge of the protected activity; (3) he suffered an adverse employment action; and (4) a causal connection exists between the protected activity and the adverse employment action. Clay v. United Parcel Service, Inc., 501 F.3d at 713. The causal

connection is a "but for" causal connection. *Laster v. City of Kalamazoo*, 746 F.3d 714, 731 (6th Cir. 2014) (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013) (holding that a retaliation claim "must be proved according to traditional principles of but-for causation," which "requires proof that the unlawful retaliation would not have occurred in the absence of the alleged" protected activity)).

In this instance, Plaintiff cannot sustain his burden because there is no suggestion that his employer knew of his complaints to the union on September 4, 2013, or, for that matter his contact with an EEO counselor on October 8, 2013, or his formal complaint of discrimination on November 14, 2013, before terminating his employment on October 5, 2013. Further, the undisputed material facts reveal that, once it was determined that the canteen was overstaffed, Whitaker sought to remedy the overstaffing situation by terminating the employment of the last employee who was hired. Only after she was informed that Jones was the least senior temporary employee, whose contract was expiring or expired in any event, did she terminate his employment. Thus, whether because his employer was not aware of his protected activity or because the undisputed evidence supports the conclusion Jones was not reappointed to his temporary position due to overstaffing not retaliation, his

claim fails and summary judgment in favor of Defendants is appropriate.

For all of the reasons stated above, Plaintiff's claims must fail.

Accordingly, **IT IS ORDERED**:

(1) That Plaintiff's Motion for Appointment of Counsel [DE 34] is **DENIED** for the same reasons as stated in the Court's orders on his prior, similar motions [*see* DE 12 and 28].

(2) That Defendants' Motion to Seal [DE 31] is **DENIED**;

(3) That Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [DE 32] is **GRANTED.**

(4) That judgment will be entered by separate order.

This the 30th day of September, 2016.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge